McFarland, J.,
delivered tlie opinion of the. court.
This bill was filed the thirty-first of October, 1870. It •charges that on the twenty-fifth of December, 1862, G. W. O. Neil bought a certain tract of land of Thomas E. Russell, and gave the latter his notes, which were a lien on the land; that this lien was in force on the first of May, 1865, when Joel IT. Monis as the creditor of Russell filed .an attachment bill attaching the debt due from Neil to Russell, and obtained a decree for $908, which was declared a lien on the land.
That on the tenth of February, 1867, the complainant filed his attachment bill as the creditor of Joel IT. Morris, .attaching the indebtedness of Russell to Morris, and the benefit of Morris’ decree against Russell and his debtor, Neil, according to the adjudication in the first named case, and obtained a decree as prayed for, for $230.82 and costs, to be paid out of the money collected in the case of Morrisv v. Russell. That Morris went into bankruptcy, and among his assets his judgment or decree against Russell and Neil was sold, and bought by Neil, and consequently no money was paid on it.
The date of the bankruptcy is not shown. The bill further charges that after said bill was filed (which we understand to mean the first bill of Joel H. Morris v. Russell), and after the service of the amendment, Neil sold the land bought of Russell to defendant Sarah L. Williams, but insists that the lien for the purchase money declared by the decree aforesaid was not thereby defeated. The bill prays for satisfaction of his decree for $230.82, which he hád obtained in the previous case, by a sale of this land, .and makes Neil and Sarah L. Williams defendants. Mrs. *575 "Williams answers and. puts the complainant upon the proof •of his case, exhibits her deed from Neil of date ninth of ■September, 1865, avers the payment of the full price, and •claims to be an innocent purchaser; and takes the ground .■also that the first named decree” of Joel H. Morris v. 'Thomas E. Russell was void, because Russell was dead at the institution of the suit. Neil suffered judgment pro ■confesso.
The record of the case of Joel H. Morris v. Russell and Neil and another, used as evidence in this case, seems to "be very imperfect, but in that bill Morris alleged that Russell, who he charged was a nonresident, was indebted to him in a large sum, on various accounts. That one, "Darnell, had assets of Russell in his hands. That G. W. C. Neil was indebted to Russell in an amount not known, which Neil was required to disclose by his answer; but nothing was said about the indebtedness being for land. ‘The bill also charged that Russell was the owner of a certain tract of land in Marshall county, all of which was grayed to be attached. The proof makes it reasonably certain that Russell was dead when this bill was filed, but it would seem .from the decree that the cause was revived against G. W. O. Neil and M. E. Russell, his personal Tepresentatives. There was a report, and exceptions filed "by both parties, and a decree against Neil and Mrs. Russell as administrator and administratrix of Russell’s estate in favor of Morris for $908.79. The decree then directs that the assets in the hands of Darnell be applied to the •satisfaction of the decree, and further adjudges that Neil was indebted to Russell at the filing of the bill, in about ■the sum of twelve hundred dollars. Decree was then given ■against Neil for $908.79 in favor of Morris, and execution awarded; but the question whether Morris had the right to subject the land mentioned in his bill and attachment ”to the payment- of his decree in the event the same was *576 not realized out of tbe assets in the hands of Darnell, or from the decree against Neil, was reserved.
We may, for the argument, assume that the present complainant, under his first bill, has been substituted to the rights of Morris under his decree above referred to against Russell and Neil to the extent of his debt.
But there is nothing in that decree to show that Morris acquired a right to a lien upon any land for the satisfaction of the decree against Neil. There is no allusion in the record of that case to any sale of land by Russell to NeiL There was a tract of land prayed to be attached, and although we suspect from the description that it is the same land that the present hill charges was sold by Russell to Neil, yet the bill of Morris charged that the land belonged to Russell, and prayed that it be attached as such; so it is clear that Morris acquired in that case no lien on the land of Neil for the payment of the amount due from him.
There is no pleading or proof in the present case establishing á lien on the land in the hands of Mrs. Williams. The only ground upon which it was alleged to exist, was in virtue of the former decree, which allegation we have seen was not sustained. The hill was therefore properly dismissed as to Mrs. Williams. And it should also be dismissed as to Neil, although there was judgment pro confesso against him. The complainant obtained in the former decree all the relief he asked against him. The only object of tbe present bill was to reach the land, and that failing, the bill should be dismissed.
Decree affirmed with costs.